**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, SS.                                    Superior Court Department
                                                Civil Action No. _____

14-0290 F

PATRICK GEFRICH,                )
on behalf of himself            )
and others similarly situated,  )
                                )
          Plaintiffs,           )
                                )
v.                              )     JURY DEMANDED
                                )
DEEP ELLUM, INC., AARON SANDERS,)
BRENT SANDERS, MAX TOSTE, and   )
DAVID CAGLE,                    )
                                )
          Defendants,           )

RECEIVED
JAN 27 2014
SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

**CLASS ACTION COMPLAINT**

## I. INTRODUCTION

1. This is an action brought on behalf of individuals who have worked at restaurants owned and/or operated by Defendants—Lone Star Taco Bar and Deep Ellum restaurant, both located in Allston, Massachusetts. Defendants have engaged in numerous violations of the Massachusetts Minimum Wage Law, the Massachusetts Wage Act, and the federal Fair Labor Standards Act ("FLSA") in their treatment of their employees, by not paying wages for hours worked in excess of forty per week and by not paying time-and-a-half for hours worked in excess of forty per week. Named plaintiff Patrick Gefrich brings this action on behalf of himself and others similarly situated and seek recovery of all

1

unpaid wages and overtime. Plaintiffs also seek liquidated damages, interest, costs and attorneys' fees, and all other relief to which they are entitled.

## II. PARTIES

2. Plaintiff Patrick Gefrich is an adult resident of Allston, Massachusetts. He was employed as a cook for Defendants at Lone Star Taco Bar and Deep Ellum from approximately February 2013 to December 2013.

3. The above-named Plaintiff brings this action on behalf of himself and all others similarly situated, namely all other individuals who have worked for Defendants and have not received all wages and/or all overtime wages to which they are entitled, as described below. For the FLSA claim, Plaintiff brings this action on behalf of all similarly situated individuals who may choose to "opt in" to this action pursuant to the FLSA, 29 U.S.C. § 216(b).

4. As to the claims that Plaintiffs have not been paid the full Massachusetts minimum wage for all hours worked and have not been timely paid all wages owing to them under Massachusetts law, the proposed class meets the requirements for class certification in Mass. Gen. L. c. 149 § 150, Mass. Gen. L. c. 151 § 20, and/or Mass. R. Civ. P. 23.

5. As to the claim that Plaintiffs have not been paid time-and-a-half for overtime hours as required by the FLSA, the claim meets the

2

requirements for collective action certification set forth in 29 U.S.C. § 216(b).

6. Collectively, Defendants own and operate Lone Star Taco Bar, located at 479 Cambridge Street in Allston, Massachusetts, and Deep Ellum restaurant, located at 477 Cambridge Street in Allston, Massachusetts.

7. Defendant Deep Ellum, Inc. is a Massachusetts corporation that owns and operates Lone Star Taco Bar and Deep Ellum.

8. Defendant Aaron Sanders is involved in the ownership, operation, and management of Lone Star Taco Bar and Deep Ellum. He is in charge of the restaurants' operations and is responsible for setting employees' wage rates and the hiring and firing of employees. Defendant Aaron Sanders is the President, Secretary, and a Director of Deep Ellum, Inc.

9. Defendant Brent Sanders is involved in the ownership, operation, and management of Lone Star Taco Bar and Deep Ellum. He is in charge of the restaurants' operations and is responsible for setting employees' wage rates and the hiring and firing of employees. Defendant Brent Sanders is a Director of Deep Ellum, Inc.

10. Defendant Max Toste is involved in the ownership, operation, and management of Lone Star Taco Bar and Deep Ellum. He is in charge of the restaurants' operations and is responsible for setting employees'

wage rates and the hiring and firing of employees. Defendant BrMax Toste is a Director of Deep Ellum, Inc.

11. Defendant David Cagle is involved in the ownership, operation, and management of Lone Star Taco Bar and Deep Ellum. He is in charge of the restaurants' operations and is responsible for setting employees' wage rates and the hiring and firing of employees.

## III. FACTS

12. Defendants pay their hourly employees an hourly rate for all hours up to forty per week.

13. Defendants' hourly employees regularly work more than forty hours per week.

14. However, Defendants do not pay hourly wages to employees for hours worked in excess of forty per week.

15. As such, Defendants do not pay their employees at least the applicable minimum wage rate for all hours worked.

16. Additionally, Defendant do not pay their hourly employees time and a half for hours worked in excess of forty per week.

17. Defendants also do not pay their employees within two weeks of when the wages are earned.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

18. Pursuant to the state law requirements as set forth in Mass. Gen. L. c. 149 § 150, named plaintiff Patrick Gefrich has filed his Massachusetts statutory claims with the Office of the Attorney General

and has received a right-to-sue letter in order to proceed on these claims in court.

19. Pursuant to 29 U.S.C. § 216(b), named plaintiff Patrick Gefrich consents to sue as a plaintiff under the Fair Labor Standards Act. His consent to sue form is attached to this Complaint as Exhibit A.

## V.     CLASS ALLEGATIONS – MASSACHUSETTS CLAIMS

20. Pursuant to Mass. R. Civ. P. 23, Mass. Gen. L. c. 149 § 150, and Mass. Gen. L. c. 151 § 1B, named plaintiff Patrick Gefrich brings this class action lawsuit on behalf of himself and all other individuals who have worked for Defendants and have not received all wages to which they are entitled.

21. The members of the class are so numerous that joinder of all of them is impracticable.

22. There are issues of law and fact common to all class members, because Defendants' wage payment practices apply to all class members. The common questions of law and fact predominate over any questions affecting individual class members.

23. The claims of the named Plaintiff are typical of the claims of all members of the class, because all members of the class were subject to the same unlawful practices.

24. The named Plaintiff and his counsel will fairly and adequately represent the interests of the class.

## VI. COLLECTIVE ACTION ALLEGATIONS – FLSA CLAIMS

25. Pursuant to 29 U.S.C. § 216(b), named plaintiff Patrick Gefrich brings overtime claims on behalf of all similarly situated individuals who may choose to "opt in" to this action pursuant to the FLSA, 29 U.S.C. § 216(b).

26. This claims meets the requirements for collective action certification under the FLSA.

27. All potential opt-in plaintiffs are similarly situated as to these claims, as Defendants' policy and practice of paying a flat rate per week and not paying time-and-a-half for overtime was applied to all employees and resulted in the alleged violation of the FLSA.

### COUNT I
### MINIMUM WAGE

Defendants' conduct in failing to pay their employees at least the Massachusetts minimum wage, as set forth above, violates Mass. Gen. L. c. 151 § 1. This claim is brought pursuant to Mass. Gen. L. c. 151 § 20.

### COUNT II
### UNPAID WAGES

Defendants' conduct in failing to pay their employees all wages that have been owed to them and in failing to make timely payment of all wages, as set forth above, violates Mass. Gen. L. c. 149 § 148. This claim is brought pursuant to Mass. Gen. L. c. 149 § 150.

### COUNT III
OVERTIME VIOLATIONS

Defendants' failure to pay their employees time and a half for all hours worked, as set forth above, violates the FLSA, 29 U.S.C. § 203, *et seq.* This claim is brought pursuant to 29 U.S.C. § 216(b).

### JURY DEMAND

Plaintiffs hereby request a trial by jury on all their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Certification of this case as a class action pursuant to Mass. R. Civ. P. 23 and/or Mass. Gen. L. c. 149 § 150, and Mass. Gen. L. c. 151 § 1B;

2. An award of damages for all minimum wages and other unpaid wages that are due to the named plaintiff and all similarly situated employees under Massachusetts law;

3. Statutory trebling of all damages for unpaid minimum wage and unpaid wages under Massachusetts law;

4. Permission for plaintiffs to notify fellow employees of their right to opt in to this action to pursue a claim under the FLSA, pursuant to 29 U.S.C. § 216(b);

5. An award of all overtime damages that are due to the named plaintiff and all similarly situated employees under the FLSA;

6. Statutory liquidated damages for all overtime damages under the FLSA;

7. A finding that Defendants' violation of the FLSA was willful and that, therefore, the statute of limitations for the FLSA claim is three years;

8. Damages for violations of the common law;

9. Attorneys' fees and costs;

10. Pre- and post-judgment interest; and

11. Any other relief to which the named plaintiff and similarly situated employees may be entitled.

Respectfully submitted,

PATRICK GEFRICH, on behalf of himself and all individuals similarly situated,

By their attorneys,

/s/

Hillary Schwab, BBO No. 666029
Brant Casavant, BBO No. 672614
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
Tel.   (617) 607 – 3260
Fax.   (617) 488 – 2261
hillary@fairworklaw.com
brant@fairworklaw.com

Maura A. Greene, BBO No. 547204
LAW OFFICE OF MAURA GREENE LLC
One International Place
Boston, MA 02110
Tel.   (617) 936 – 1580
maura@mauragreenelaw.com

**Dated:**   January 24, 2014

# Exhibit A

PATRICK GEFRICH, et al.,

    Plaintiffs,

v.

DEEP ELLUM, INC., AARON SANDERS, BRENT SANDERS, MAX TOSTE, and DAVID CAGLE,

    Defendants.

## CONSENT TO SUE

I hereby consent to sue as a plaintiff under the Fair Labor Standards Act, 29 U.S.C. § 216(b). I bring this action on my own behalf and on behalf of others similarly situated.

_____
Patrick Gefrich

Dated: January __8__, 2014